**FILED**

**March 9, 2022**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **S.M. and K.M.**

**No. 21-0148** (Berkeley County 19-JA-39 and 19-JA-135)

**MEMORANDUM DECISION**

Petitioner Grandmother P.B., by counsel Nancy A. Dalby, appeals the Circuit Court of Berkeley County's January 28, 2021, order denying her permanent placement of S.M. and K.M.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Patrick Morrisey and Lee Niezgoda, filed a response and supplemental briefs in support of the circuit court's order. The guardian ad litem ("guardian"), Tracy Weese, filed a response and supplemental briefs on behalf of the child also in support of the circuit court's order. Intervenors, J.D.S. and J.L.S., by counsel William Prentice Young, filed a response in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in 1) denying her motion to continue the permanency hearing, 2) denying her motion for a home study, and 3) failing to adequately consider her as permanent placement for the children due to the lack of a home study.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the governing law, the briefs, and the record presented, the Court finds that the circuit court erred in failing to hold an evidentiary hearing to consider petitioner's approved home study and failing to analyze the grandparent preference as set forth in West Virginia Code § 49-4-114(a)(3). This case satisfies the "limited circumstances" requirement of Rule 21(d) of the West Virginia Rules of Appellate Procedure, and a memorandum decision is appropriate to vacate and remand the matter for further proceedings consistent with this decision.

The mother of S.M. and K.M. was named a respondent in a child abuse and neglect proceeding in March of 2019. In January of 2020, petitioner requested an Interstate Compact for the Placement of Children ("ICPC") home study for her home in Maryland so that she could be considered as placement for the children. Authorities in Maryland began the process in March of

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

1

2020, and the circuit court adjudicated the mother as an abusing parent the same month. Petitioner intervened as a party in May of 2020.

In June of 2020, the circuit court held a dispositional hearing and terminated the mother's parental rights by order entered on July 1, 2020. The mother appealed her termination, and this Court affirmed in *In re K.M.*, No. 20-0630, 2021 WL 982822 (W. Va. Mar. 16, 2021)(memorandum decision). The foster parents, J.D.S. and J.L.S., intervened in November of 2020.

Maryland child welfare authorities rejected petitioner as placement after performing a home study in December of 2020 due to petitioner's failure to complete classes and provide necessary documentation, as well as due to concerns with her inability to cope with recent trauma. The denial letter also cited petitioner's conflicting medical reports, inability to recognize mental health needs for herself and the children, and concerns with her ability to provide a stable living environment. In light of this denial, petitioner moved to continue the permanency review hearing to allow her time to appeal the denial with Maryland's welfare services agency.

In January of 2021, the circuit court held a permanency review hearing and denied petitioner's motion to continue. The court ultimately denied petitioner's motion for permanent placement citing that S.M. had been with the foster parents since March of 2019 and that K.M. had been in the home since his birth in November of 2019. The court noted that neither child knew petitioner was their grandmother. The court entered its order on January 28, 2021. It is from this order that petitioner appeals.[2]

In February of 2021, petitioner lodged her appeal with this Court, and she later moved to remand the matter based on new evidence that Maryland child welfare services reversed its prior denial and was willing to complete another ICPC home study. In May of 2021, the Court granted petitioner's motion to remand based on the new evidence, and the Court ordered that "[w]hen the reopened home study is complete, the Circuit Court of Berkeley County shall enter an order regarding the result of the reopened home study."

Petitioner filed her completed ICPC home study with this Court, which stated that her home had been approved as a permanent placement for the children in September of 2021. That same month, the circuit court held a permanency review hearing. For reasons unknown to the Court, petitioner failed to appear. The circuit court entered a two-page order acknowledging that a home study had been completed and that petitioner's home was approved. However, the order did not make any findings of fact or conclusions of law regarding the results of the home study, nor the application of the grandparent preference statute as set forth in West Virginia Code § 49-4-114(a)(3) in light of petitioner's approved home study. This order was filed with this Court on December 8, 2021.

The Court has previously established the following standard of review:

---

[2]The father's parental rights were also terminated below. The permanency plan for the children is adoption by the foster parents.

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner argues that the circuit court erred in proceeding with a permanent placement decision without granting a continuance to allow her to appeal the denial of her home study. As this Court granted petitioner's motion to remand, which resulted in the completion of another ICPC home study, this issue is moot.

Petitioner next argues that, as a suitable adoptive grandparent due to her approved home study, she is entitled to the grandparent preference. We find that the circuit court failed to adequately consider the grandparent preference as set forth in West Virginia Code § 49-4-114(a)(3) in light of petitioner's approved home study. "The statute contemplates that placement with grandparents is presumptively in the best interests of the child, and the preference for grandparent placement may be overcome only where the record reviewed in its entirety establishes that such placement is not in the best interests of the child." *Napoleon S. v. Walker*, 217 W. Va. 254, 261, 617 S.E.2d 801, 808 (2005). Here, despite the circuit court's knowledge that petitioner's home had been approved for permanent placement of the children, the court failed to hold an evidentiary hearing and make findings regarding the application of the grandparent preference set forth in West Virginia Code § 49-4-114(a)(3). According to petitioner's supplemental brief, she continues to exercise visitation with the children and lives in the same home that was approved in the recent ICPC home study.

For the foregoing reasons, we vacate the circuit court's January 28, 2021, order denying petitioner permanent placement of the children and remand the matter to the circuit court for the limited purpose of holding an evidentiary hearing to fully consider whether the grandparent preference should apply in light of petitioner's approved home study. The circuit court is directed to issue an order within thirty days of holding the evidentiary hearing, and the Clerk is directed to issue the mandate contemporaneously with this memorandum decision.

Vacated and remanded, with instructions.

**ISSUED**: March 9, 2022

3

**CONCURRED IN BY**:

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton
Justice Alan D. Moats sitting by temporary assignment